J-S16007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAQUAN ENTY | : | |
| | : | |
| Appellant | : | No. 1089 EDA 2019 |

Appeal from the Order Entered April 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011890-2012

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 15, 2020**

Appellant, Raquan Enty, appeals from the April 5, 2019 Order entered in the Philadelphia County Court of Common Pleas dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  On October 30, 2013, Appellant entered a guilty plea to charges of Possession with Intent to Deliver ("PWID"), Conspiracy to Commit PWID, and Possession of a Controlled Substance.[1]  On December 11, 2013, the court sentenced Appellant to a term of two to four years' incarceration, followed by three years of probation.  Appellant did not file a Post-Sentence Motion or direct appeal from his Judgment of Sentence.  Appellant's Judgment of Sentence, thus,

---

[1] 35 P.S. § 780-113(a)(3); 18 Pa.C.S. § 903; and 35 P.S. § 780-113(a)(16), respectively.

became final on January 10, 2014, upon expiration of the time to file a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On April 17, 2018, Appellant filed the instant PCRA Petition, his first, in which he requested a new trial based on newly discovered evidence. Petition, 4/17/18, at ¶ 5. Appellant asserted that on March 5, 2018, the Commonwealth provided Appellant's defense counsel with a copy of the Philadelphia District Attorney's "Do Not Call" list,[2] which included Officer Reginald Graham.[3] *Id.* at ¶ 4. Appellant averred that it was only as of March 5, 2018, that his counsel could have known that Officer Graham was on the "Do Not Call" list. *Id.* Appellant alleged that this evidence would likely have resulted in a different verdict if he had a new trial because it "could have been utilized to support a CI motion, a Motion to Suppress and/or it could have been utilized to undermine the officer's reliability by demonstrating that he had, for example, [] lied about the actions of the CI in this case and in other cases or lied about what drugs (and what weight of drugs) were involved in his drug arrests." *Id.* at ¶¶ 6-8

---

[2] The "Do Not Call" list is a list of police officers the Philadelphia District Attorney's Office declined to call as witnesses due to issues with the officers' credibility.

[3] Officer Graham was involved in orchestrating the controlled drug-buy that lead to Appellant's arrest. Although he participated in Appellant's arrest, he did not participate in Appellant's prosecution by testifying at a hearing on Appellant's Motion to Suppress Evidence.

The PCRA court docket reflects that the Commonwealth thereafter requested, and received, numerous continuances for what the lower court clerk described as "[f]urther investigation; Police Officer Graham[.]"[4] A February 15, 2019 notation on the PCRA docket indicates that the court continued a hearing scheduled for that day for it to issue a Pa.R.Crim.P. 907 Notice. The certified record does not, however, contain a copy of the court's Rule 907 Notice. The docket reflects that the court then "relist[ed the case] for formal dismissal." Docket Entry, 2/15/19.

On April 5, 2019, the PCRA court held a hearing at which Appellant's counsel acknowledged that Appellant had received the court's Rule 907 Notice. Counsel indicated that Appellant intended to appeal from the impending dismissal of his PCRA petition and requested that the court appoint Appellant new counsel for his appeal.[5] That same day, the PCRA court dismissed Appellant's Petition. In its dismissal Order, the PCRA court noted that "after consideration of the Motion to Dismiss PCRA Petition filed by the Attorney for

---

[4] The PCRA court also granted a few continuances "for [f]urther investigation" at the joint request of Appellant and the Commonwealth.

[5] Also at the April 5, 2019 hearing, the PCRA court referred twice to sending Appellant a Rule 907 Notice "following the February 15, 2019 hearing." N.T., 4/5/19, at 3, 5. As mentioned *supra*, the docket reflects that, although the court had scheduled a hearing in this matter for February 15, 2019, the court continued it. In addition, the certified record does not contain notes of testimony from a hearing purportedly held on February 15, 2019.

Notably, the PCRA court did not consider the merits of Appellant's PCRA Petition at the April 5, 2019 hearing.

the Commonwealth, it is ORDERED that the Motion to Dismiss PCRA Petition is GRANTED."[6]  Order, 4/5/19.

On April 11, 2019, Appellant filed a timely Appeal from the Order dismissing his Petition.

On June 6, 2019, the PCRA court issued an Opinion in support of its decision in which it explained that Appellant's Petition lacked merit because "at a hearing on the matter held on February 19, 2019, the testimony provided by the Commonwealth asserted that Officer Reginald Graham was not a material or critical witness in the arrest of [Appellant].  No contrary evidence was presented on behalf of [Appellant]."  Opinion, 6/6/19, at 3.

Appellant raises the following issue on appeal: "Whether the court erred in not granting relief on the PCRA [P]etition due to newly discovered evidence[?]"  Appellant's Brief at 7.

As noted above, the PCRA court based its conclusion that Appellant's Petition lacked merit on the Commonwealth's uncontested evidence, presented at "a hearing on the matter held on February 19, 2019" that Officer Graham did not play a material part in Appellant's prosecution.  However, the

---

[6] Nothing on the PCRA court docket indicates that, prior to the court dismissing Appellant's Petition, the Commonwealth filed a Motion to Dismiss Appellant's Petition and the certified record does not contain Motion to Dismiss filed by the Commonwealth.

PCRA court docket does not indicate that the court held a hearing that day and the certified record does not contain notes of testimony from the hearing.[7]

Appellant does not, in his Brief, refer to a hearing taking place on February 19, 2018. Instead, Appellant asserts that the court held his PCRA hearing on April 5, 2019, and concedes that, at it, he "did not provide any contrary evidence to the Commonwealth's assertion that the newly discovered evidence was not critical or material." Appellant's Brief at 9. However, this Court's review of the Notes of Testimony from the April 5, 2019 hearing indicates that this hearing was not an evidentiary hearing.[8]

The state of the certified record has severely hampered our ability to conduct meaningful appellate review of the merits of Appellant's challenge to the PCRA court's decision. It is an appellant's responsibility to provide this Court with a complete record and the failure to do so results in waiver of the issues. *Smith v. Smith*, 637 A.2d 622, 623 (Pa. Super. 1993). Because the record in this case is devoid of relevant documents, including hearing transcripts and the Rule 907 Notice, we are unable to review Appellant's claim raised on appeal.

_____

[7] In its Brief to this Court, the Commonwealth also refers to Appellant's February 19, 2019 PCRA hearing, and it observes that the notes of testimony from that hearing are not in the certified record. To the extent the Commonwealth relied on evidence adduced at the hearing in support of its position, it cites only to the PCRA court's Rule 1925(a) Opinion. *See* Commonwealth's Brief at 8-9.

[8] As discussed above, the April 5, 2019 hearing concerned Appellant's intent to appeal from the impending dismissal of his Petition and PCRA counsel's interest in the court appointing Appellant new counsel for appeal.

Accordingly, Appellant has waived his issue on appeal. ***See e.g.***, ***Commonwealth v. Murchinson***, 899 A.2d 1159, 1162 (Pa. Super. 2006) (finding the appellant's issues waived because he failed to provide this Court with trial transcripts necessary to review his claims).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/20